ANÍBAL MARTÍNEZ, doing business under the name of MARTÍNEZ & MÁRQUEZ, Plaintiff and Appellee, *v.* RAFAEL SANCHO BONET, in his capacity as TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 10795.   Argued January 26, 1953.—Decided July 12, 1954.

*J. B. Fernández Badillo, Acting Attorney General,* and *Manuel J. Medina Aymat, Assistant Attorney General,* for appellant. *Arturo Ortiz Toro* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The sole question for decision in this case is whether or not certain air conditioning equipment and accessories, sold by plaintiff-appellee between August 24, 1938 and July 5, 1939, were covered by paragraph 27 of § 16, of Act No. 85 of August 20, 1925 (Sess. Laws, p. 584), as amended by Act No. 108 of May 15, 1936 (Sess. Laws, p. 566) of the Legislature of Puerto Rico, which provides:

"*Electric fans and ventilators; refrigerators and stoves of every kind, parts and accessories.*—On all electric fans or ventilators, automatic apparatuses operated by gas or electricity, refrigerators and stoves of all kinds, and on all parts and ac-

cessories for the articles herein described, sold, transferred, manufactured, used in, or introduced into, Puerto Rico, a tax of ten (10) per cent on the selling price."

The trial court decided that the air conditioning equipment and accessories were not included in that paragraph. On appeal, the former Treasurer of Puerto Rico alleges that the trial court erred in deciding that air conditioning apparatus are not electric fans or ventilators and are not included in the phrase "automatic apparatuses operated by gas or electricity"; that the air conditioning apparatuses on which this complaint is based are not subject to the payment of the tax imposed by § 16, paragraph 27 of the Internal Revenue Act of Puerto Rico; that tax laws are always construed restrictively against the tax, and also that the court erred in ordering defendant-appellant to pay costs.

We need not pass on the purely technical aspect of the question as to whether air conditioning equipment is identical with or similar to an electric fan or ventilator. Our function in this case is very simple: to determine whether the Legislative Assembly of Puerto Rico, in enacting paragraph 27 of § 16 of Act No. 108, of May 15, 1936, embraced such equipment within its implied nominal concepts. We conclude that it did not. If we examine Act No. 158, of May 13, 1941 (Sess. Laws, p. 948) of the Fifteenth Legislative Assembly of Puerto Rico, we find that instead of including air conditioning equipment in paragraph 26 of § 16 (paragraph 27 of § 16 of the former Act) which refers to electric fans and ventilators or automatic apparatus operated by gas or electricity, it included them in paragraph 20 of § 16 which provides:

"*Electrical and fluid gas apparatus for lighting, heating or air conditioning.*—On every electrical or gas apparatus for lighting, heating, *or air conditioning,* and on parts and accessories thereof, except electric wire, manufactured, sold, transferred, or used in, or introduced into, Puerto Rico, a tax of ten (10) per cent on the selling price."

The jurisprudence has established the rule of construction that the later or more recent expression of the Legislature must prevail when the specific amendment of inclusion takes place after considerable time has lapsed since the promulgation of the prior law by other sessions of the Legislature, and when there has been no previous judicial controversy about the correct meaning or provision of the former statute: 2 *Sutherland Statutory Construction* 526, 527, 528. (Callaghan and Company, 3rd ed., 1943). We have closely examined the decisions of this Court covering the period between the enactment of Act No. 108 of May 15, 1936 and of Act No. 158 of May 13, 1941, and we have not found any opinion or judgment dealing with the aforementioned paragraphs, which might in some way explain the subsequent amendment to the statute. It is evident then that this is an amendment of inclusion of some provision not previously embraced in the former statutes and not an explanatory amendment.

We agree with defendant-appellant that the Court erred in the imposition of costs since the sovereign has not consented by any specific statute to the imposition of costs: *People* v. *García*, 66 P.R.R. 478, 487 (De Jesús, 1946.)

The judgment will be modified by excluding costs, and as modified, it is affirmed.